PORTRA, Circuit Court Judge
(dissenting).
[¶27.] I respectfully dissent. I find that the City does not have standing. First, the issue of standing has not been waived. This Court has previously held that a plaintiff must establish standing as an aggrieved person such that a court has subject matter jurisdiction. Cable v. Union Board of Cnty. Comm’rs, 2009 S.D. 59, ¶ 21, 769 N.W.2d 817, 825 (citations omitted). Further, “[i]t is the rule in this state that jurisdiction must affirmatively appear from the record and this [C]ourt is required sua sponte to take note of jurisdictional deficiencies, whether presented by the parties or not.” Elliott v. Board of Cnty. Comm’rs of Lake Cnty., 2005 S.D. 92, ¶ 17, 703 N.W.2d 361, 368 (citations omitted). Therefore, the issue cannot have been waived.
[¶28.] Considering the merits of the issue, the majority asserts that the City has standing “because after improvements are accepted, the City assumes ownership, maintenance and operation of them.” However, the City has not accepted the improvements and therefore standing is based on a contingency. In order for the City to have standing, it must have suffered an injury in fact that is a) concrete and particularized and b) actual or imminent, not conjectural or hypothetical. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992). The speculated injury in this case may not happen.
[¶ 29.] The City’s simple remedy is to refuse to accept the improvements until they are in compliance with the ordinances. If that never happens, the City can refuse to issue building permits within the subdivisions and abate any nuisance caused by the failed subdivisions, if necessary. So at this time, the City has suffered no injury and they have more than adequate remedies at law to protect themselves in the future. This lawsuit by the City is premature. Therefore, I would affirm the trial court on other grounds because the City does not have standing.